IDA T. STANLEY v. HENRY MADISON *et al.*

(Filed September 5, 1901.)

1. **CONTRACT—Invalid, When.** A contract made upon consideration of marriage, by which the husband agrees to pay the wife an allowance of a specific sum per week, is invalid, unless in writing and signed by the parties.

2. **JUDGMENT—Not Reversed, When.** Where an examination of the whole case shows that the judgment of the trial court is right upon the merits, the judgment will not be reversed.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

*T. G. Chambers* and *J. H. Everest,* for plaintiff in error.

*J. S. Jenkins* and *J. L. Brown,* for defendants in error.

Opinion of the court by

BURFORD, C. J.:    The defendant in error, Madison, recovered a judgment in the probate court of Oklahoma county, for work and labor against one Grant Stanley. An execution was issued on this judgment, and delivered to the defendant in error, Forrest, who was a constable, for service. The officer levied the execution upon certain personal property found on the farm of Grant Stanley, and which was taken as his property. The plaintiff in error, Ida T. Stanley, wife of Grant Stanley, brought an action in replevin in the district court of Oklahoma county against Forrest, constable, to recover the property levied upon, and

alleged that she was the owner and entitled to the possesion of all the property levied on under said execution. Madison, the execution plaintiff, was by an order of the court, substituted for the constable as defendant, and was permitted to defend against the claim of Mrs. Stanley. The case was tried to the court, and judgment rendered for the defendants. From this judgment Mrs. Stanley appeals.

The plaintiff in error, Ida T. Stanley, claimed the property by purchase from her husband, Grant Stanley. She bases her claim upon the contention that prior to her marriage with Grant Stanley, she entered into an oral agreement with him that he should make her an allowance of $2.50 per week, which was to be paid to her in money. That he failed for some time after the marriage to make these payments, and that she took a portion of the property levied on upon the amount due her under said agreement, and gave him credit for the agreed price of the property on the allowance due her. One of the animals in controversy she claimed was a present to her from her husband, before marriage. The defendant resisted this contention of the plaintiff, and alleged that the property was transferred by Stanley to his wife for the purpose of defeating the execution, and of delaying his creditors.

The so-claimed ante-nuptial agreement was void under our statute. An agreement made upon consideration of marriage other than a mutual promise to marry, is invalid, unless made in writing and signed by the parties. (Stat. Okla., 1893, sec. 821.) The evidence further showed that there never had been any actual delivery and change of

possession of the property in question by Stanley to his wife. The trial court evidently found from the evidence that the so-called ante-nuptial contract and ownership of the property by Mrs. Stanley, was a subterfuge to prevent the collection of the Madison judgment. It appeared that Stanley had always handled and exercised acts of control and ownership over the property, and that he was resisting the payment of Madison's claim both before and after judgment. The evidence as a whole does not impress a court as showing good faith on the part of the Stanleys, and we think the trial court was not unwarranted in finding that the transactions between Stanley and wife were not in good faith for the purpose of protecting the wife in her marriage agreement, but was for the purpose of defeating the payment of the judgment that Madison had recovered in the probate court.

Upon a review of the whole case as shown by all the evidence, we think the judgment of the district court is right and should be affirmed.

The judgment of the district court of Oklahoma county is affirmed at the costs of plaintiff in error.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.