## FURSTENBURG v. BRISSEY.

No. 475.   Opinion Filed November 16, 1910.

Rehearing Denied May 9, 1911.

(115 Pac. 465.)

1.  **NUISANCE—Cemetery—Injunction.** Under the provisions of sections 966 and 967, Compiled Laws of Oklahoma 1909, it is unlawful for any person, company, corporation, or association to maintain and use for burial purposes any graveyard or cemetery, located less than three-fourths of one mile from any tract of land platted into blocks, to be sold for residence purposes, wherein lots may have been sold in good faith prior to the time such cemetery was located and set apart for the burial of the dead, and where, in an action brought, the facts show that plaintiff had purchased in good faith lots lying within such platted lands, he is entitled to a perpetual injunction against the parties maintaining such cemetery.

2.  **APPEAL AND ERROR—Review—Findings of Fact.** Where issues of facts are tried to a court, and there is evidence reasonably tending to support the judgment rendered, the same will not be reversed on appeal.

    (Syllabus by the Court.)

*Error from District Court, Pottawatomie County; A. H. Huston, Judge.*

Action by W. C. Brissey against Maurice Furstenburg. Judgment for plaintiff, and defendant brings error. Affirmed.

*Pendleton, Abernathy & Howell,* for plaintiff in error.
*Boggs & Wells,* for defendant in error.

DUNN, C. J. This case presents error from the district court of Pottawatomie county.

March 10, 1906, defendant in error, as plaintiff, filed a petition in the office of the clerk of that court in which he averred that he was at that time, and at all times thereafter mentioned, the owner and in peaceable possession of certain lots and blocks in the Rose Garden addition to the city of Shawnee, Pottawatomie county, Okla.; that the same was platted into lots, blocks, streets,

and alleys as an addition to the said city on the 8th day of August, 1903; that the plat was duly filed in the office of the register of deeds in and for that county on the 2d day of September, 1903; that the plaintiff purchased the property which he then owned in the said addition in good faith at a date prior to the filing of any plat of the cemetery hereafter mentioned; that on or about the 25th day of February, 1905, and long after the platting and filing of the plat of the said addition and the sale of said lots as theretofore set out, there was filed in the office of the register of deeds of said county a plat of a cemetery which lies contiguous to and adjacent to the said Rose Garden addition; that, since the platting and filing of the said cemetery plat, it had been maintained as a place of interment and graveyard for burial purposes, which rendered plaintiff's lots in said addition undesirable for residence purposes and deprived plaintiff of the use and enjoyment of said property; whereupon he prayed for judgment that perpetual injunction be issued restraining said defendant from maintaining said cemetery as aforesaid. For answer, defendant admitted the platting, dedication and use of the grounds anl lands involved in accordance with the averments of plaintiff's petition, and further answered that the Rose Garden addition was not and could not be a legal addition to the said city of Shawnee, because the same was not contiguous or adjacent thereto, and that at the time of the filing of the plat of the cemetery, the plat of the Rose Garden addition had been canceled, and that there was no plat at that time of the Rose Garden addition on file in the office of the register of deeds of that county, and further that plaintiff was guilty of laches by delaying to bring his action for a period of eight months, and that he had disposed of all of his interest in the said Rose Garden addition since the filing of the action. A general denial was filed for a reply, and, on the issues thus made, the cause was tried to the court without a jury, which, after hearing the evidence of all parties, found that all of the allegations in plaintiff's petition were

true, setting out in detail particular and specific findings in · support thereof.

The statutes under which the action is prosecuted are sections 966 and 967, Comp. Laws of Oklahoma, 1909, and are as follows:

"Sec. 966. It shall be unlawful for any person, company, corporation or association to establish and use for burial purposes, any graveyard or cemetery located less than three-fourths of one mile from any tract of land platted as an addition to any city or town within the state of Oklahoma, wherein lots have been sold in good faith, prior to the time that such cemetery was located and set apart to the burial of the dead. It shall also be unlawful for any person, company, corporation or association to maintain and use for burial purposes, any graveyard or cemetery located less than three-fourths of one mile from any tract of land platted into blocks to be sold for residence purposes within the state of Oklahoma wherein lots may have been sold in good faith prior to the time that such cemetery was located and set apart to the burial of the dead.   *   *   *"

"Sec. 967. The maintaining of any slaughterhouse or location and use of any graveyard or cemetery in violation of the provisions of this act, are declared to be a nuisance, and any person owning real estate within any such addition to a town or city, or within the lands platted and set apart to be sold for residence purposes may maintain an action in the courts to abate such nuisance and to enjoin their continuance, and if it appears that they are being carried on in violation of this act, a perpetual injunction shall be granted against the parties maintaining such nuisance."

Under the foregoing sections of the statute, it will be observed that, even though the said Rose Garden addition did not lie contiguous to and was not on account thereof a legal addition to the city of Shawnee, the second sentence of the first section of the statute quoted above make it unlawful to maintain and use for burial purposes "any graveyard or cemetery located less than three-fourths of one mile from any tract of land platted into blocks to be sold for residence purposes wherein lots may have been sold in good faith prior to the time that the same was located and set apart." Hence it is unnecessary to consider the propositions raised by counsel either that the sections of the statute do not relate to

Vol 28—38

a city of the first class, or that the Rose Garden addition, by reason of not joining the plat of the city proper, could not be considered a legal addition.

On the question of laches which is presented, there is cited no authority to sustain the proposition that the delay of eight months in bringing the action would estop plaintiff from maintaining his cause, nor is there any evidence of bad faith shown in the record. Under the findings by the court, the defendant was bound to take notice of the plat of the Rose Garden addition, and the establishment of the cemetery within the prohibited area was a plain violation of the statute, and defendant must be held to have known that, when the cemetery was so platted and used, the plaintiff had the power and right under this statute to require its abatement.

The evidence offered was heard by the court, and, there being sufficient to reasonably sustain the judgment rendered, under numerous holdings by this court, it will not be reversed here. *Saxon v. White*, 21 Okla. 194, 95 Pac. 783; *McCann v. McCann et al.*, 24 Okla. 204, 103 Pac. 694; *Seward v. Casler et al.*, 24 Okla. 275, 103 Pac. 740.

An inspection of the record as well as the briefs shows that plaintiff by his evidence has brought himself fully within the terms of the statute, and the judgment of the trial court, holding the maintenance of said cemetery to be a nuisance and abating it, is, accordingly, affirmed.

All the Justices concur.