## BRONAUGH v. PRATT.

No. 4415.   Opinion Filed May 11, 1915.

(168 Pac. 1044.).

1.   **APPEAL AND ERROR—Harmless Error—Admission of Evidence.**
   Where it appears from the entire record and proceedings in the
   case, that a just and proper verdict was returned by the jury,
   technical errors in the rulings of the court as to the competency
   of evidence are without prejudice.

2.   **APPEAL AND ERROR—Harmless Error—Admission of Evidence.**
   If upon the whole record it is apparent that a correct conclusion
   was reached, and a just decision rendered, the judgment will not
   be disturbed.

(Syllabus by Robberts, C.)

*Error from District Court, Choctaw County;*

*Summers Hardy, Judge.*

Action by Mrs. Mary B. Pratt against V. Bronaugh. Judgment for plaintiff, and defendant brings error. Affirmed.

*Stewart & McDonald,* for plaintiff in error.

*Wedlington & Wedlington,* for defendant in error.

ROBBERTS, C. This case comes from the District Court of Choctaw county. The defendant in error, plaintiff below, who will herein be designated as plaintiff, was the owner of a small tract of land in the state of Missouri, the title to which was in some way complicated.

The plaintiff, for her first cause of action, alleges that, for the purpose of having the title to said land cleared and quieted in her, she employed the plaintiff in error, defendant below, who will herein be designated as defendant, as her attorney and agent, to perform such services as were necessary for that purpose, for which she agreed to pay him the sum of $25. That defendant falsely and fraudulently, and without the knowledge or consent

of plaintiff, procured the title to said land to be conveyed to himself, and thereafter sold the same to a third person and refused to account to plaintiff for the proceeds of said sale, and thereby and by reason of the false and fraudulent acts of said defendant therein, the plaintiff has been defrauded and deprived · of the title to her said property, and the value therof, and is thereby damages in the sum of $1,000.

For her second cause of action the plaintiff alleges that in defrauding her out of her said land, the defendant acted in an oppressive, willful, and wanton manner toward her, and that by reason, and because of his oppressive, willful, and wanton conduct toward her in and about said transactions, she is entitled to exemplary damages. Wherefore she prays judgment for $1,000 as actual damages, and also $1,000 as exemplary damages.

The defendant answered by general denial, and in his defense offered evidence in support of a set-off for attorney's fees, taxes, and costs paid for plaintiff, and a large amount of other divers and different expenses in connection with the transaction, all of which was fairly submitted to the jury. The case was tried to the court and jury, and a verdict rendered in favor of the plaintiff for $300 actual damages, and no exemplary damages, for which, after overruling the motion for new trial, judgment was rendered, and exceptions saved. Defendant brings error.

We have carefully read the testimony and considered the entire record, including the instructions of the court, and find no error. The testimony is clear and convincing, and fully sustains the verdict of the jury, and the judgment of the court and the instructions distinctly and clearly submit all questions of law.

The only error seriously contended for by the defendant is that "The court erred in allowing plaintiff, over the objection of the defendant, to state the value of the property (land) for the reason that she had not shown herself qualified to answer as to values of real estate in the county in which the land was located."

The plaintiff testified that she knew the land; that it adjoined the land on which she had lived; that it was adjoining a town; that her husband bought the land five years before for $647; that she paid $647 for a mortgage on the land; and finally that the actual value of the land was $1,000. She also testified in substance that she knew what land in the same county was worth. We admit that the evidence is not as satisfactory as it might have been, but taking into consideration the manner in which plaintiff says the defendant obtained the land—the fact that he sold it for $500 under the peculiar and apparent urgent circumstances. All these things were considered by the jury in arriving at their verdict. Besides, there is no conclusive evidence as to the actual value the jury put upon the land. That would depend upon the amount the jury allowed on the defendant's account or set-off, which he claimed against the plaintiff, taking the case altogether, we feel that the verdict of the jury is fully supported by the evidence, and that the defendant has no grounds for complaint.

"Where an examination of the whole case shows that the judgment of the trial court is right upon the merits, the judgment will not be reversed." (*Stanley v. Modison,* 11 Okla. 288, 66 Pac. 280.)

"If upon the whole record it is apparent that a correct conclusion was reached and a just judgment rendered, the judgment will not be disturbed." (*Snyder v. Stribling,* 18 Okla. 168, 89 Pac. 222.)

"Where a verdict is authorized, errors in rulings on the admission or rejection of evidence * * * are without prejudice." (*St. L. & S. F. R. Co. v. Sharrock,* 6 Ind. T. 458, 98 S. W. 158.)

The foregoing authorities are so entirely in keeping with our views as to the result and justice of this case, that we quote them as being peculiarly applicable. We are in hearty accord with the verdict and judgment of the court in this case, and recommend that it be affirmed.

By the Court: It is so ordered.