## J. B. EDGAR GRAIN CO. v. KOLP *et al.*

No. 4545.    Opinion Filed June 8, 1915.

(149 Pac. 1096.)

**APPEAL AND ERROR—Review—Findings by Court.** Where a case is tried to the court without a jury, a general finding in favor of one of the parties will be given the same weight as a verdict of a jury, and if there is evidence reasonably tending to support the same, it will not be disturbed upon appeal.

(Syllabus by Bleakmore, C.)

*Error from County Court, Oklahoma County;*

*John W. Hayson, Judge.*

Action by E. R. Kolp and another, as copartners doing business under the name and style of E. R. & C. D. Kolp, against the J. B. Edgar Grain Company. Judgment for the plaintiffs in the county court on appeal from a justice of the peace, and defendant brings error. Affirmed.

*O. L. Price* and *Welty & Caudill,* for plaintiff in error.

*Oliver C. Black,* for defendants in error.

Opinion by BLEAKMORE, C.    This action was commenced in a justice court in Oklahoma City by the defendants in error, as plaintiffs, against the plaintiff in error, as defendant, for a balance claimed to be due on account of the sale of a car of oats. There was judgment for plaintiffs. Appeal was had to the county court of Oklahoma county, where the case was tried to the court, and judgment again rendered for plaintiffs. The parties will be referred to as they appeared below.

The defendant answered by way of general denial, and pleaded in bar of plaintiffs' right to recover that in a certain cause theretofore pending in a justice court in Tennessee between the same parties, wherein the defendant was plaintiff, judgment was rendered conclusive of every question involved in this action.

It appears that the parties were engaged in the grain business, plaintiffs in Oklahoma and defendant in Tennessee. They had various dealings with each other in this regard. In September, 1909, defendant commenced an action in a justice court in the state of Tennessee against the plaintiffs for the sum of $128.63 claimed to be due on account of overdrafts, and caused an attachment to be issued therein and levied on certain property. Plaintiffs paid to the officer who served the writ the amount claimed, and the attached property was released. A certified transcript of the record of such justice court was introduced in evidence, showing the pleadings, process, return, etc. The only reference to a judgment therein is:

"Judgment for—dismissed settlement of debt $128.63 and costs with officer, this 22d day of September, 1909.
                              "T. M. GUTHRIE, J. P."

From an inspection of the transcript of the record, it was obviously impossible to determine whether the case in the Tennessee court involved the same subject-matter that is in controversy here, or was entirely independent of the cause of action in the instant case. Extrinsic evidence upon this issue of fact was introduced, which was conflicting: The court below found:

"Now on this 30th day of July, 1912, the court, having been fully advised in the premises, finds that all the averments in plaintiffs' petition are true, as therein set forth, and that there is due the plaintiffs from said

defendant the sum of $131.44 together with interest thereon at the rate of 6 per cent. per annum from and after the 30th day of October, 1909."

The rule is well established in this jurisdiction that, where a case is tried to the court without a jury, a general finding by the court in favor of one of the parties will be given the same weight as a verdict of a jury, and, if there is evidence reasonably tending to support such finding, it will not be disturbed upon appeal. We have examined the record, and the evidence amply supports the findings of the court.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.