## CITIZENS' INDEPENDENT MILL & ELEVATOR CO. v. PERKINS.

No. 5866.  Opinion Filed October 5, 1915.

Rehearing Denied November 9, 1915.

(152 Pac. 443.)

1.  **SALES—Grade and Quality of Goods Shipped—Official Inspection—Conclusiveness.** Where corn is purchased as of a certain grade and quality, according to official inspection, such inspection, in the absence of anything to impeach it as dishonest or collusive, is conclusive as to grade and quality shipped.

2. ·  **SAME—Breach of Contract—Defense.** In an action against a grain dealer for breach of contract for corn purchased by him of a certain grade and inspection, it is entirely immaterial what the condition of the corn is when it reaches its destination, if the agreed inspection shows it was of the grade contracted for.

(Syllabus by Collier, C.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by the Citizens' Independent Mill & Elevator Company against W. L. Perkins, doing business as the W. L. Perkins Grain Company. Judgment for defendant, and plaintiff brings error. Affirmed.

This is an action brought by plaintiff in error against defendant in error to recover damages for the breach of a contract of sale of a car of corn. Hereinafter the parties will be designated as they were in the trial court.

Defendant sold to plaintiff said corn by written contract of sale, which was, prior to its execution, stated orally. Said contract is as follows:

"No. 1068.   W. L. PERKINS GRAIN CO.   OUR NO. ..............

YOUR NO. ..............

"CONFIRMATION OF SALE.

"OKLAHOMA CITY, OKLA., APRIL 20, 1912.

"Citizens' Mill Co., Weatherford, Okla.:   We confirm sale to you by Perkins & Deck of one car 80 bushels of No. 3 corn, at 77½ per bu.—Basis of C. A. F. Fairbury, Nebr.   Our routing, via. R. I.   Shipment to be made immediately.   Your weights and Wichita grades. Bill to Weatherford.   Terms:   Demand draft; bill lading attached.   Notify us immediately, if any errors in the confirmation.                Yours truly,

"W. L. PERKINS GRAIN COMPANY,

"By W. L. PERKINS.

"Accepted by Citizens' Mill Co.

"This contract is subject to the trade rules of the Oklahoma Grain Dealers Association."

On April 29, 1912, defendant addressed to plaintiff the following letter:

"CITIZENS' MILL COMPANY, WEATHERFORD, OKLAHOMA—Gentlemen:   On the 27th we invoiced you car of corn 28849 COG to take the place of car 89208 invoiced to you on the 22d.   The last car mentioned being bad ordered at Wichita, Kansas, and that it would be some time before same could go forward, so in order not to put you to any inconvenience, applied this car 27949 to fill the contract.

"We are drawing on you today for $823.58 to cover our invoice to you on car 27949.   This car is billed direct to Weatherford to notify W. L. Perkins Grain Company.

"Will ask you to kindly protect our draft upon presentation and oblige.   ·     Yours very truly,

"W. L. PERKINS GRAIN COMPANY,

"Per W. L. PERKINS."

The corn in question was inspected at Wichita, Kan., as shown by the following certificate:

"OFFICE OF STATE GRAIN INSPECTOR OF KANSAS. April 25, 1912. This certifies that there was inspected this date by assistant inspector, J. C. Wasser, the grain contained in car No. 27949, COG, seal broken 2569, seal applied W. 7171, which graded 3 mix corn tough.

"D. R. GORDON, *Chief Inspector*. Per W.

"For Neveling Ele. Out. Fee 60.

"This certificate applies to original car inspected only."

The corn was then shipped to Weatherford, Okla., with bill of lading, certificate of inspection, and draft attached. Shortly after the arrival of the corn at its destination, the manager of plaintiff paid the draft, and the car of corn was delivered to him. Thereupon he notified defendant that the corn was not up to grade contracted Afterwards the corn was inspected at Weatherford, and found to be mixed with Kaffir corn and wet and rotten.

The manager of plaintiff testified that at the time he paid the draft and took charge of car No. 27949, said car was substituted in the contract; that defendant offered to furnish plaintiff with the difference between the 80,000 and 60,000 capacity car, and that he never demanded that defendant do so; that he had made demand upon defendant for payment of damages resulting from the loss sustained by reason of breach of said contract, which defendant had declined to pay.

Among other findings of fact, the court found:

"The corn was accepted by the plaintiff. His claim is that it was accepted upon an independent contract and guaranty on that day that it would be No. 3 mixed corn, at the time of its receipt by the plaintiff at Weatherford

—that is his testimony. The defendant states that after such conversation was had between these parties, the shipment was made, intended to take the place of the one that was contracted for the 80,000 capacity, on the 20th; and it was stated so in the invoice. And to ignore entirely the testimony that has been introduced as to the custom between grain merchants to fill an order for a car of given capacity with either a larger or a smaller one, as the case may be, in the event the contract could not be complied with literally (and that is the custom), but ignoring that entirely, the burden is on the plaintiff to prove this contract that is claimed to have been made by him, and that this corn should grade No. 3 mixed at Weatherford, upon the date of the delivery, in view of the fact of the recitals in the invoice and in the letter that this was upon that contract, or, upon that contract and the further understanding of the plaintiff of the conversation had between these parties on the date of the arrival of this car, that he, the defendant, would fill out that contract if the plaintiff demanded, and the further fact that the defendant says that no such conversation was had between them, that it was a shipment on the original contract, and, the inspection being that provided for by the original contract, the inspection at Wichita, the court is of the opinion that the plaintiff has failed to make out a case, by a preponderance of the evidence here, of a contract that this corn, which was paid for, was to grade No. 3 mixed at Weatherford on the date of the delivery."

There is a great deal of other evidence, which we deem unnecessary to recite. The case was tried to the court, and resulted in a judgment for defendant. Motion for new trial was filed and overruled, to which plaintiff duly excepted. From said judgment this appeal is prosecuted.

*T. W. Jones, Jr.,* for plaintiff in error.

*Oliver C. Black,* for defendant in error.

Opinion by COLLIER, C. (after stating the facts as above). There are very many assignments of error in this case; but, for a proper determination of same, we think it necessary to consider only those facts found and the judgment rendered, as set out above.

The undisputed evidence, the contract of purchase, provided that the corn was bought subject to inspection at Wichita, and a certificate which accompanied the bill of lading shows that such inspection was made at Wichita, and that said inspection showed that the corn was of the grade contracted for. But the inspection provided by the contract was made at Wichita, and it was entirely immaterial, so far as the liability of defendant is concerned, what the condition of the corn was upon its arrival at Weatherford; there being no evidence tending to show that any fraud was practiced at the instance of defendant or otherwise, as to the inspection at Wichita.

The trial court declared that the contract was for a sale on inspection at Wichita, and we think no other conclusion was possible under the evidence. This contract is legal, and ought to be upheld. Courts cannot make contracts for parties; they can only construe them. A contract making the decision of one party conclusive is valid and binding. *Williams v. Railway,* 153 Mo. 487, 54 S. W. 689; *Beck & Corbitt Iron Co. v. Hollbeck,* 109 Mo. App. 179, 82 S. W. 1128.

It will thus be seen that the parties agreed to submit this question to a decision of the inspector, appointed by defendant. His decision, under such circumstances, was final and conclusive, unless fraud be shown, and such fraud must have been participated in by defendant. In other words, the fraud must have been the result of col-

lusion between defendant and the inspector appointed by him.

In *Gorman v. Dallas, C. & S. W. Ry. Co.* (Tex. Civ. App.), 106 S. W. 930, it is held:

"Where a contract of sale provides that the materials shall be inspected by a specified person at the buyer's cost, the inspector is the agent of both parties, and his inspection is conclusive on them, in the absence of bad faith therein."

In *Gratiot Street Warehouse Co. v. Wilkinson et al.*, 94 Mo. App. 528, 68 S. W. 581, it is held:

"Where corn is purchased as of a certain grade and quality, according to official inspection, at the place of shipment, such inspection, in the absence of anything to impeach it as dishonest or collusive, is conclusive as to the grade and quality shipped to the purchaser."

In said case, *supra,* it is further held:

"In an action against a grain dealer for breach of contract in refusing to receive corn purchased by him of a certain grade, according to official inspection at the place of shipment, the question as to when the title passed is immaterial, defendant being obliged to receive it, regardless of its condition when it reached him, if the official inspection showed that it was of the grade ordered when placed on the cars."

Many errors are assigned as to the admission and rejection of evidence; but, under the view we have expressed, we deem it unnecessary to review same, especially in view of the fact that the case was tried to the court, and upon the whole record it appears that the correct conclusion was reached. *Bronaugh v. Pratt,* 46 Okla. 303, 148 Pac. 1044. Certainly there was sufficient evidence to support the judgment rendered.

The rule is well established in this jurisdiction that where a case is tried to the court without a jury, a general finding of the court in favor of one of the parties will be given the same weight as the verdict of a jury; and, if there is evidence reasonably tending to support such finding, the same will not be disturbed on appeal. *Bretch Bros. v. Winston,* 28 Okla. 625, 115 Pac. 795; *Furstenburg v. Brissey,* 28 Okla. 591, 115 Pac. 465; *Edgar Grain Co. v. Kolp,* 48 Okla. 92, 149 Pac. 1096.

Finding no error in the record requiring a reversal of the cause, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.