## HAYDON v. PRATT et al.

No. 15736—Opinion Filed Oct. 13, 1925.

**1. Appeal and Error—Review of Evidence in Equity Case.**

In all actions which are cognizable only in a court of equity, it is the duty of the Supreme Court to consider the whole record and weigh the evidence, and where the judgment of the trial court is not clearly against the weight of the evidence, but is reasonably sustained thereby, the same will not be disturbed on appeal.

**2. Judgment Sustained.**

Record examined, and the evidence fully sustains the judgment of the trial court.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Canadian County; James I. Phelps, Judge.

Action by Nina Pratt against W. W. Haydon and Mollie Haydon. Judgment for plaintiff, and defendant Mollie Haydon appeals. Affirmed.

A. G. Morrison, for plaintiff in error.

H. L. Fogg and J. C. Snyder, for defendants in error.

Opinion by RUTH, C. The parties hereto will be designated as they appeared in the trial court.

Nina Pratt, as plaintiff, filed her petition against W. W. Haydon and Mollie Haydon, praying for reformation of two certain deeds. It appears the plaintiff is the daughter of the defendants and on October 29, 1917, the defendants conveyed to plaintiff, by warranty deed, the south ½ of the southwest ¼, section 32, twp. 13 N., R. 9 W. I. M. Defendant W. W. Haydon owned several hundred acres of land in that vicinity, but never owned land in the S. W. ¼ section 32, but did own the N. W. ¼ of section 32 at the time both defendants executed the deed. That it was the intention of defendants to convey the S. ½ of N. W. ¼ section 32, but through a mistake of the scrivener, the error in the description occurred, and plaintiff asks that this deed be reformed to read the S. ½ of the N. W. ¼ sec 32, instead of S. ½ of the S. W. ¼, sec. 32.

It appears the defendants agreed to separate and make a division of their property, real and personal, and on March 8, 1920. W. W. Haydon, Mollie or Mary Hadyon, and Nina Pratt executed and duly acknowledged before a notary public a written agreement, whereby the defendants agreed to convey to

their daughter, Nina Pratt, the N. ½ of the N. W. ¼ section 32, twp. 13 N., R. 9, W. I. M., and on the same date, March 8, 1920, defendants executed a deed to Nina Pratt, and through a mistake of the scrivener, the deed conveyed the N. W. ¼ of section 32 instead of the N. ½ of the N. W. ¼ of section 32, twp. 13 N., R. 9 W. I. M., and plaintiff prays this deed be reformed, and corrected whereby the title to the N. ½ of N. W. ¼ section 32, twp. 13, N., R. 9, W. I. M. shall be rested in Nina Pratt and Mollie Haydon, jointly according to the original intention.

It appears W. W. and Mollie Haydon were divorced, Mollie Haydon afterwards marrying a Mr. Madison, from whom she was subsequently divorced, and resumed the name of Haydon.

Mollie Haydon answered admitting the execution of the contract of March, 1920, but alleges there was no consideration for the contract, and Nina Pratt's name was inserted in the contract for the purpose of preventing Mollie Haydon from alienating the lands. That Nina Pratt was to have 80 acres, but through a mistake the deed was made to Nina, conveying to her the N. W. ¼ of section 32, twp. 13, N., R. 9 W., I. M., with the understanding that Mollie Haydon should be absolute owner of the N. ½ and Nina the owner of the S. ½ of the N. W. ¼ section 32, and defendant offers to relinquish any of her rights to the S. ½ of the N. W. ¼ of section 32, provided plaintiff relinquishes her rights to the N. ½ of the N. W. ¼ section 32. Defendant alleges the contract of separation of March, 1920, was unreasonable, and prays its reformation, so as to divest Nina Pratt of any interest in the N. ½ of the N. W. ¼ of section 32. The agreement of March further provided for the payment of certain money to Mollie Haydon by W. W. Haydon, who was to further pay Mollie Haydon $175 per year rent for certain lands during his life, and defendant prays this sum be increased to $400 per year.

Defendant W. W. Haydon for answer admits all the allegations contained in the plaintiff's petition.

There is no question here presented save one of fact. Mollie Haydon admits it was the intention of both defendants, father and mother of Nina Pratt, an only child, to convey to Nina by deed of October 29, 1917, the S. 1-2 of the N. W. 1-4 of section 32, and there was a mistake made by the scrivener, so it is unnecessary to consider further the court's judgment reforming this deed. Apart from defendant Mollie Haydon, all witnesses, including Mollie's attorney at that time, testified that at the time of the settlement between W. W. Haydon and Mollie Haydon, and after spending one whole day on the matter, it was decided that the N. ½ of the N. W. ¼ of section 32 should be conveyed jointly to Mollie Haydon and Nina Haydon, and W. W. Haydon was to occupy the land for the term of his life, paying Mollie $175 per year rent for her interest, and was to give Mollie Haydon $400 in cash and certain household furniture, and in July, 1920, when Mollie Haydon filed her petition for divorce from W. W. Haydon, she stated in her petition that all property rights had been settled and adjusted, and the settlement was equitable, reasonable and just.

The judgment of the trial court is fully sustained by the evidence, and to borrow the language of the court in Garrett v. Abrahams, decided Feb. 24, 1925, "it is one of those cases that come within the rule that the action of the trial court will not be set aside unless it is clearly against the weight of the evidence." See Choctaw Lumber Co. v. Waldock, 78 Okla. 232, 109 Pac. 866; Gault v. Thurmond, 39 Okla. 673, 136 Pac. 742; J. B. Edgar Grain Co. v. Kolp, 48 Okla. 92, 149 Pac. 1096; Chestnutt v. Hicks, 55 Okla. 655, 155 Pac. 545; Lieberman v. Merring-Martin & Boise Co., 84 Okla. 168, 203 Pac. 1045; Gaines Brothers & Co. v. Citizens Bank of Henryetta, 84 Okla. 265, 204 Pac. 112.

For the reasons herein stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 897, § 2867; 900, § 2869. (2) 4 C. J. p. 898, § 2869.