Jack WILSON, Madge Wilson, T. G. Braddock, Hillcrest Memorial Park, a Business Trust, Jack Wilson, Madge Wilson and T. G. Braddock, Trustees of said Hillcrest Memorial Park, Plaintiffs in Error,

v.

Reece QUEENAN, V. C. Tisdal, Jr., Marshall Kelly and Babe Biscoe, Hugh Garrett and Mrs. Hugh Garrett, Ernest Galloway and Mrs. Ernest Galloway, Donald Royse and Mrs. Donald Royse, G. H. McCowan, W. R. Galloway and Mrs. W. R. Galloway, A. H. Purvis, F. E. Purvis and Mrs. F. E. Purvis, Defendants in Error.

No. 37210.

Supreme Court of Oklahoma.

June 26, 1956.

Yates & Braddock, Altus, for plaintiffs in error.

Wise & Ivester, Sayre, for defendants in error.

HUNT, Justice.

Reece Queenan, V. C. Tisdal, Jr., Marshall Kelly and Babe Biscoe, Hugh Garrett and Mrs. Hugh Garrett, Ernest Galloway and Mrs. Ernest Galloway, Donald Royse and Mrs. Donald Royse, G. H. McCowan, W. R. Galloway and Mrs. W. R. Galloway, A. H. Purvis, F. E. Purvis and Mrs. F. E. Purvis, resident land owners, instituted this action in the District Court of Beckham County against Hillcrest Memorial Park, a Business Trust, Jack Wilson, Madge Wilson and T. G. Braddock as Trustees of said business trust, and as individuals, to enjoin and restrain the defendants from using 16 acres of land located on U. S. Highway 66 west of Elk City, acquired and owned by the defendants on May 17, 1955, as a cemetery. The defendants filed answer admitting that they were the owners of the described real estate and had caused the same to be platted into lots and blocks and dedicated the same as a private cemetery and burial ground, but otherwise denied the plaintiffs' allegations. Upon trial of the issues judgment was rendered for the plaintiffs as prayed, and the defendants appealed. The parties will be referred to herein as they appeared in the trial court.

The plaintiffs allege in their petition that they own and hold real estate in close proximity to the land dedicated by defendants as a cemetery; that the lands respectively owned by each of the plaintiffs were bought by them for the purpose of making their homes thereon and so using said lands; that the establishment and maintenance of said burial ground by defendants would constitute a nuisance as against the plaintiffs in the occupancy and enjoyment of their several tracts of lands; that the land purchased to be used as a cemetery by defendants within three-fourths of one mile from the land belonging to plaintiffs and used by them as their homes, and within three-fourths of a mile of lands platted into blocks or otherwise sub-divided for residential purposes, and which have been sold in good faith to sundry persons for residential purposes prior to the time of the purchase of said land by the defendants with intent to use the same as a cemetery or burial ground; that all of said platted lands, including the several tracts belonging to the plaintiffs, are within three-fourths of a mile from the land of defendants and, therefore, the use by defendants of their land as a cemetery is a violation of the laws of Oklahoma, particularly sections 42 and 43 of Title 50 O.S.1951.

Plaintiffs further allege that the dedication of the land for cemetery purposes was in violation of House Bill 930, Title 8, § 181 O.S.1955 Supp. enacted by the State Legislature, and which became effective May 23, 1955, which forbids the location of a cemetery, except upon application and notice thereof and upon a certificate of authority to be issued by the Board of County Commissioners. However, the trial court held that the Act of 1955 did not become effective until after the date the cemetery was dedicated and, therefore, did not apply in the present action. The sections of statute relied upon by plaintiffs and upon which the District Court based its authority and judgment are as follows:

Title 50, § 42, reads as follows: .

"It shall be unlawful for any person, firm, corporation or association to lay out, establish, or use for burial purposes any cemetery, grave-yard or burial grounds less than three-fourths of one mile from the incorporated line of any city of more than five thousand (5,000) inhabitants within this State, or within four miles from the incorporated line of any city of this State, having a population of more than sixty-five thousand (65,000) inhabitants, and then within three-fourths of one mile from any tract of land plotted into lots or blocks, or otherwise subdivided for residence purposes, wherein lots, tracts, or blocks have been sold in good faith for residence purposes prior to the time of the location, opening, or use for such burial ground, grave-yard or cemetery. * * *"

Title 50, § 43, reads as follows:

"The maintaining of any slaughterhouse or location and use of any graveyard or cemetery in violation of the provisions of this Article, is declared to be a nuisance, and any person owning real estate within any such addition to a town or city, or within lands so platted and set apart to be sold for residence purposes may maintain an action in the courts to abate such nuisance and to enjoin their continuance, and if it appears that they are being carried on in violation of this Article, a perpetual injunction shall be granted against the parties maintaining such nuisance."

The trial court found that the plaintiffs owned tracts of land within three-fourths of a mile from the dedicated cemetery, and that such dedication violated the above quoted sections of the statute, and entitled plaintiffs to an injunction, which was granted. The defendants, as grounds of reversal, deny that the plaintiffs were within the provisions of the statute in question, and say that the statutes mean that there would have to be a plat filed and recorded of the subdivision in order to give notice to any person dealing with other lands who contemplated use thereof as a cemetery.

The statute, § 42, does not require that a plat of the subdivision be filed but provides that it shall be unlawful for any person, corporation or association to establish a cemetery within three-fourths of one mile from any tract of land platted into lots or blocks or otherwise subdivided for residence purposes, wherein lots, tracts, or blocks have been sold in good faith for residence purposes prior to the time of the location, opening, or use of such burial ground, grave-yard or cemetery.

Defendants further state in their brief that no streets, alleys or utility easements were laid out or provided for and the selling of the acreage could not be classed as property coming within the provisions of the statute. Citations are made to sections of the statutes relating to town and city plats which are required by statute to be acknowledged and recorded. Such statutes and the cited decisions thereon have no material application to the present action. The record shows that the defendants were aware that the several tracts of land owned by the plaintiffs were and had been used and occupied by the plaintiffs at and prior to the time the defendants purchased their 16 acres of land, and the defendants were required to take notice of the rights of the plaintiffs as owners and occupants of their land. Mr. Wilson, one of the defendants, and manager of the business, testified that he had talked with one of the plaintiff land owners, and he, Wilson, testified that at the time he bought the land there were houses on both sides up and down the highway.

In the absence of any language in the statutes so providing, we are not authorized to construe and hold the statute as requiring that a plat must be filed or recorded.

Paul Hughes, County Surveyor of Beckham County, testified that Edward C. Hightower, who owned considerable land in the Southwest Quarter of Section 19,

Township 11 North, Range 21 W.I.M., employed him to make a survey of the land south of U. S. Highway 66, which he did in November or December, 1949, and about February, 1951 he surveyed the land on the north side of the highway; that he made plats and certificates for the individual tracts. He stated that he surveyed the land south of the highway into approximately 10 acre tracts and identified a plat, which was put in evidence, as a fair representation of the survey and the laying off of the land into blocks. The plat shows 7 contiguous blocks or tracts of land abutting on and along the south side of the highway and extending south to the south line of the quarter section, and shows 7 blocks or tracts along the north side of the highway. The witness said he made certificates of the survey for each tract, and he identified certain plats or maps as a survey of three tracts made for Mr. Galloway, also a survey of what was called the Queenan Tract, consisting of three parcels in a separate quarter section, but abutting on and along the west side of the cemetery tract.

Cooper West, a real estate agent, testified that he and Mr. Hightower, owner of the land in Section 19, surveyed by the County Engineer, agreed on a method of selling the same; that they ran an ad in the paper to sell it as being acreage for homes, and that the tracts were sold as home sites.

The several plaintiffs testified that they bought and owned the separate tracts of land for residence purposes, and that the majority of them had occupied the land and the residences thereon as homesteads for some years prior to the date the defendants purchased their tract of land for a cemetery.

We find from the record that the several blocks, or tracts of land owned by the plaintiffs, were a part of a tract of land platted into lots, blocks, or otherwise subdivided for residence purposes, wherein lots, tracts, or blocks had been sold in good faith for residence purposes prior to the time of the location, opening or use for burial ground, grave-yard or cemetery of the land owned by the defendants; that the land dedicated by defendants as a cemetery is located within three-fourths of a mile of the plaintiffs' land and is within the terms and restrictions as set forth in Title 50, §§ 42 and 43 O.S.1951, and plaintiffs are entitled to the relief therein provided.

As a second proposition, defendants further say that none of the plaintiffs were authorized by law to file an action to enjoin the defendants, because none of plaintiffs' land was within the provisions of section 43 of the statute. The case of Clinton Cemetery Association v. McAttee, 27 Okl. 160, 111 P. 392, 31 L.R.A.,N.S., 945, is cited by defendants, which holds that plaintiffs therein failed to bring themselves within the terms of the statute with respect to the ownership of the land. The opinion in that case states:

"Plaintiff neither alleges nor proves that he owns lots in any tract platted as an addition to said city, etc. Such was essential."

We have found, as hereinbefore stated, that the plaintiffs and their lands were within the terms of the statute in question, and plaintiffs were, therefore, entitled to maintain the action.

The case of Furstenburg v. Brissey, 28 Okl. 591, 115 P. 465, involved the location of a cemetery in violation of the statute similar to the one here in question, and sustained the action of the trial court in granting an injunction. The second syllabus of the opinion reads:

"Where issues of facts are tried to a court, and there is evidence reasonably tending to support the judgment rendered, the same will not be reversed on appeal."

We find and hold that the evidence and law applicable thereto sustains the action and judgment of the District Court in

granting plaintiffs an injunction against the defendants, restraining defendants from using their described land, or any part thereof, as a cemetery for burial purposes, and the judgment of the District Court is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.