LIMERICK v. JEFFERSON LIFE INS. CO.

No. 6003—Opinion Filed Jan. 8, 1918.

(169 Pac. 1080.)

(Syllabus.)

1. Appeal and Error — Trial — Theory of Case Below—Findings of Fact—Determination.

Where the parties to a cause present it to the trial court as one of purely equitable cognizance, they will not be allowed to change their theory in the Supreme Court, and the answers of the jury to certain special interrogatories, submitted to them by the trial court by request of the respective parties, returned into court in the form of "findings of fact," will be treated on appeal, as they were treated below, as merely advisory to the trial court. In such cases it is not only the right, but the duty, of the trial court to finally determine all questions of fact as well as of law.

2. Appeal and Error—Question of Fact—Finding of Trial Court—Fraud.

Where fraud is relied upon as a basis for equitable relief, and the trial court, after hearing the evidence, finds that fraud has not been established, this court will not disturb such finding, unless it is clearly against the weight of the evidence.

3. Bills and Notes—Judgment—Sufficiency of Evidence.

Record examined, and held, that the judgment of the trial court is sufficiently supported by the evidence.

### 4. Fraud—Value—Expression of Opinion.

Whenever property of any kind depends for its value upon a contingency which may never occur, or developments which may never be made, opinion as to its value must necessarily be more or less of a speculative character; and no action will lie for its expression, however fallacious it may prove, or whatever the injury a reliance upon it may produce.

Error from District Court, Oklahoma County; W. R. Taylor, Judge.

Suit by the Jefferson Life Insurance Company against Della Limerick, with cross-petition by defendant. Judgment for plaintiff, denying the cross-petition, and defendant brings error. Affirmed.

J. S. Jenkins, A. E. Jenkins, J. Will Laws, and H. Y. Thompson, for plaintiff in error.

Everest & Campbell, for defendant in error.

KANE, J. This was a suit upon a promissory note and to foreclose a mortgage given to secure the payment of the same, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter the parties will be designated as "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The petition of the plaintiff was in the usual form and admittedly stated facts sufficient to constitute a cause of action. The defendant's pleadings consisted of an answer and cross-petition. The answer admitted the execution and delivery of the note and mortgage sued on, and denied all the other allegations contained in plaintiff's petition. The cross-petition alleged in effect that the note and mortgage were given to the plaintiff in payment of two certificates of stock in the Oklahoma Interstate Life Insurance Company, the name of which was afterward changed to the Jefferson Life Insurance Company, purchased by said defendant through ———— Mattison and ———— Hull, two agents of said plaintiff; that said agents represented to said defendant that said stock was of the par value of $10 per share, but that its actual value at the time of the sale was $22.50 per share; that the value of said stock was rising very rapidly, and that the premiums and dividends thereon would pay 40 per cent. of the amount invested therein; that the New York Life Insurance Company, and other similar companies, paid like dividends, and that said plaintiff company would pay as well as they; that they would not sell said stock to her at $22.50 per share unless she would sign an agreement to the effect that, if all the 50,000 shares of stock were sold by other agents before her application reached the general office of the plaintiff company, then and in that event the said company was to have the right to return to the defendant the amount of money she had so advanced on said contract of subscription; and the agents of the said company further stated that in the event the market value of said shares of stock should advance above $22.50 per share, then the company was to have the right to return to the defendant the amount of money she had advanced on said contract of subscription and retain the stock themselves; that said defendant stated to said agents that she did not have the cash to pay the $4,000 required to purchase said stock, and said agents replied that they would accept $500 down in cash, and take her note secured by first mortgage on real estate, due in three years, for the balance; that all of said statements of said agents as to the value of said shares of stock, and the rapidity at which said stock was selling, the fear of the agents of the company that all of said stock would be sold before her application reached the office of the company were false and fraudulent, and said statements were knowingly and intentionally made for the purpose of deceiving, cheating, and defrauding the said defendant. Wherefore she prays that the plaintiff take nothing by said action, that said mortgage be canceled and that her title to the real estate therein be quieted, and that she have judgment over against said plaintiff for the sum of $780, the amount paid in cash for said stock, together with interest and costs, and for such other relief as she may be entitled to.

The answer of the plaintiff to the cross-petition of the defendant was a general denial. Upon the cause being reached for trial of the issues thus joined, a jury was duly impaneled to try the same. At the close of all the evidence counsel for plaintiff moved the court to discharge the jury and render judgment in favor of the plaintiff, as prayed for in the petition, for the reason that the allegations of the answer admit the execution and delivery of the note sued on, and the defendant has wholly failed to produce testimony sustaining the material allegations of her answer, or sufficient in law to constitute any cause of action under the allegations of the cross-petition, which motion was overruled by the court. Thereupon the plaintiff and defendant asked the court to submit certain spe-

cial interrogatories to the jury for answer, which requests were granted, and the jury duly instructed as to the law of the case. Among the instructions given by the court was the following:

"The case is submitted to you upon interrogatories submitted by the parties, which you will answer as indicated, and if any nine of you agree upon an answer to an interrogatory, those so concurring in said answer should sign the same individually; if, however, your answer is unanimous, your foreman only need sign the same as such."

Thereupon, after hearing arguments of counsel, the jury retired, and thereafter returned into court what are designated "findings of fact," as follows:

"Did the agents of the insurance company represent to the defendant that the stock of the company was as good as the stock of the New York Life and that that was paying 40 per cent.? A. Yes.

"Was that statement true? A. No.

"Did the defendant rely on that statement at the time she made her purchase? A. Yes.

"Did the agents represent to the defendant that the stock of the Jefferson Insurance Company was nearly all sold and that there was about $1,000,000 in the treasury of the company? A. Yes.

"Was the representation true? A. No.

"Did the defendant rely on that representation in making her purchase? A. Yes.

"Did the agents of the company represent to the defendant that the stock of the company was rapidly increasing in value? A. Yes.

"Was that representation true? A. No.

"Did the defendant rely upon all the representations above referred to, to the extent of being thereby induced to subscribe for the stock and execute the note and mortgage and pay the money in question? A. Yes.

"Did the defendant rely upon that representation? A. Yes.

"When, if ever, did the defendant first make any offer to the plaintiff to deliver back the shares of stock, for which the note and mortgage sued on was given? A. January, 1913, after filing of suit.

"When did the defendant first determine that she had discovered that the shares of stock were sold to her by fraudulent statements? A. January 20, 1912, or thereabouts."

Thereupon both plaintiff and defendant moved the court to enter judgment in their favor upon the special findings of fact returned by the jury, the former for the amount due on the promissory note and for the foreclosure of the mortgage, and the latter for the cancellation of the note and mortgage sued on, and for the sum of $780, with interest thereon, as claimed in the defendant's cross-petition. Thereafter these motions came on to be heard, and the trial court, after being fully advised in the premises, overruled the motion of the defendant and sustained the motion of the plaintiff for judgment upon the special findings of the jury, and thereupon rendered judgment for the plaintiff and against the defendant, as prayed for in its petition; the court finding that:

"The defendant, Della Limerick, has failed to establish the material allegations of her answer and cross-petition, and is not entitled to any of the relief prayed for therein, and the court finds that the plaintiff has sustained all of the material allegations of its petition, and is entitled to judgment as therein prayed."

It is to reverse this finding and judgment that this proceeding in error was commenced.

Counsel for defendant present but one ground for reversal, which they state in their brief as follows:

"It will be noted, upon the threshold of the argument that both the cause of action stated in the petition and the cause of action stated in the cross-petition were of purely equitable cognizance. Neither party was entitled to a jury as a matter of right, and the findings of the jury were merely advisory to the court, and could have been adopted in whole or in part, or wholly disregarded, as best suited the conscience of the court, since the court himself must finally decide all the issues presented."

It was contended that in these circumstances:

"The question is simply this: Does the evidence in the case reasonably tend to support the findings of the trial court? Putting it another way, Is the judgment in this case supported by sufficient evidence?"

We are of the opinion that the contention of counsel for defendant is well taken. It seems to us the pleadings present a cause of purely equitable cognizance. At any rate, it is obvious, from the statement of the proceedings hereinbefore fully set out, that the parties themselves and the trial court, without objection, treated the issues joined by the pleadings as of purely equitable cognizance, and so counsel have presented the cause to this court for review in their respective briefs. In these circumstances even if this was originally a proper case for a trial by jury, requiring the return of a

general verdict, the parties having treated it as one of purely equitable cognizance, making no objection to the mode of trial in the trial court, they will not now be permitted to change the theory of their case. Nowlin v. Melvin, 47 Okla. 57, 147 Pac. 307; Harris v. First Nat. Bank of Bokchito, 21 Okla. 189, 95 Pac. 781; Border v. Carrabine, 24 Okla. 609, 104 Pac. 906.

Treating the cause, then, as the court below and the parties did, as one of purely equitable cognizance, the rule is that the trial judge may call a jury or consent to one for the purpose of advising him on questions of fact, and he may adopt or reject their conclusions as he sees fit. But it is not only the right, but the duty, of the court in such cases to finally determine all questions of fact as well as of law. Galer et al. v. Berrian et al., 43 Okla. 303, 140 Pac. 155; Parker v. Hamilton, 49 Okla. 693, 154 Pac. 65.

Having reached the conclusion that the cause must be treated as one of purely equitable cognizance, the sole duty of this court in the premises is to consider the entire record, weigh the evidence, and determine whether the judgment of the trial court is sufficiently supported by the evidence, keeping in mind the rule that, where fraud is relied upon as a basis for equitable relief, and the trial court, after hearing the evidence, finds that fraud has not been established, the Supreme Court will not disturb such finding, unless clearly against the weight of the evidence. Jones v. Thompson et al., 54 Okla. 24, 154 Pac. 1139. After carefully examining the entire record in the light of these rules, we are satisfied that the trial court was right in holding that the defendant did not sustain the burden cast upon her of establishing her allegations of fraud by evidence of that weight and cogency which the law requires. Moore v. Adams, 26 Okla. 48, 108 Pac. 392; Owen v. U. S. Surety Co., 38 Okla. 123, 131 Pac. 1091.

It is true that there was a sharp conflict between the testimony of the plaintiff and the testimony of the agents of the company who sold her the stock as to the representations made by the latter in relation to its present and prospective value, but it is quite clear that the defendant fully understood that the insurance company was in process of promotion, and that whatever value the stock might eventually have must depend entirely upon the success of the enterprise. Inasmuch as the promoters of the company were all leading business men of this com-

munity, their past successes and present standing and reputation for business judgment and integrity might very well warrant hopes and expectations of substantial success for any business undertaking having the support of their extended experience and influence. In these circumstances, the statements of opinion made by the agents of the company, assigning a certain value to the stock, ought not to be pronounced fraudulent merely because, upon subsequent development, the business of the company was not successful. The general rule is that, whenever property of any kind depends for its value upon a contingency which may never occur, or developments which may never be made, opinion as to its value must necessarily be more or less of a speculative character; and no action will lie for its expression, however fallacious it may prove, or whatever the injury a reliance upon it may produce. Gordon v. Butler, 105 U. S. 553, 26 L. Ed. 1166; Mumford v. Tolman, 157 Ill. 258, 41 N. E. 617.

For the reasons stated, the judgment of the court below must be affirmed.

All the Justices concur.