**BROCKMAN et al. v. REES et al.**

No. 8096—Opinion Filed June 11, 1918.

(173 Pac. 525.)

**1. Indians — Conveyance of Allotment in Trust—Rights of Trustee—Grantee.**

Where H. conveys property to W., trustee, and W. conveys such property to R., the presumption is that W. executed such deed in furtherance of his trust, and no one except a beneficiary of such trust could dispute the title of R. to such property under such conveyance.

**2. Same — Conveyance by Minor Allottee— Findings — Evidence.**

Evidence examined, and held to reasonably support the findings of the trial court.

(Syllabus by West, C.)

Error from District Court, Rogers County; W. J. Campbell, Judge.

Suit originally begun by the First National Bank of Muskogee to foreclose a mortgage against Edward L. Rees, W. G. Brockman, Charles N. Simon, and N. J. C. Johnson and others, in which W. G. Brockman and N. J. C. Johnson filed an answer and cross-petition to which defendant Rees filed an answer. The bank's motion for leave to withdraw was granted, and judgment was rendered in favor of the defendant Rees, and Brockman, Simon, and Johnson bring error. Affirmed.

Chas N. Simon, for plaintiffs in error.

Adams & Wills, for defendant in error Rees.

Opinion by WEST, C. This is a suit origi-

nally instituted by the First National Bank of Muskogee to foreclose a mortgage given by defendant E. L. Rees on the allotment of Martha Hall, a Cherokee freedman citizen and joined Ed. L. Rees, W. G. Brockman, Chas. N. Simon, and N. J. C. Johnson et al. as party defendants. Defendants W. G. Brockman., Chas. N. Simon, and N. J. C. Johnson filed answer and cross-petition; defendant Ed L. Rees filed his answer; and the defendants W. G. Brockman, Chas. N. Simon, and N. J. C. Johnson filed reply. All other defendants filed disclaimers. On November 23d, after the issues had been joined, the plaintiff, First National Bank of Muskogee, a corporation, filed motion for leave to withdraw from case, setting up satisfaction of their interest by defendant Rees, and same was granted. On May 5, 1915, the case proceeded to trial to the court on the issues joined by the answer and cross-petition and reply of defendants W. G. Brockman, Chas. N. Simon, and N. J. C. Johnson and the answer of the defendant Ed. L. Rees, and the pleadings were treated and were in effect a suit by W. G. Brockman, Chas. N. Simon, and N. J. C. Johnson to recover possession and quiet title to the allotment above mentioned Judgment was rendered in favor of Ed. L. Rees, and the cause is brought here upon appeal to review findings and judgment of the court below. Plaintiffs in error will be designated as plaintiffs, and defendant in error as defendant, the places they occupied in the court below.

Both plaintiffs and defendant claim title to the entire allotment of Martha Hill, a Cherokee freedman. The petition and answer do not plead the deraignment of title, but the evidence discloses that plaintiffs claim title to the surplus allotment of the said Martha Hill, as follows: (1) Under and by virtue of a deed dated October 19, 1907, from Martha Hill to H. N. Johnson, and deed from H. N. Johnson to W. G. Brockman and Chas. N. Simon, dated April 20, 1914, and second under deed from Martha Hill to W. G. Brockman, Chas. N. Siimon, and N. J. C. Johnson dated October 12, 1908, and recorded October 14, 1908. Defendant claims title to this surplus allotment under deed dated June 24, 1908, from Martha Hill to Ed. S. Warner, trustee, and deed dated December 8, 1909, from Ed. S. Warner, trustee to Ed. L. Rees. Defendant in error assails the title deraigned from Martha Hill through H. N. Johnson for the reason that Johnson, before the execution of his deed to plaintiffs in error, had executed a deed to Malone, and Malone had reconveyed to Martha Hill, asserting that there was no title in Johnson at the time he made deed to plaintiffs. Plaintiffs claim that the deed

from Johnson to Malone was defectively signed and acknowledged and was no notice to them, and that they would not be bound by this deed. However this may be we do not think that the Johnson deed can be considered in any light for the reason that the evidence discloses that the allottee, Martha Hill, at the time of the execution of the deed to H. N. Johnson was a minor, she having become of age according to the said evidence, on the 18th day of April, 1908, and her deed to Johnson was void and of no effect and divested her of no title. This deed being out of the way, the next question to be considered is whether or not the deed executed by the allottee, Martha Hill to Ed. S. Warner, trustee, dated 24th day of June, 1908, and a deed from Ed. S. Warner, trustee, dated December 8, 1909, was sufficient to convey title to the defendant in error Ed. L. Rees.

Plaintiffs in error contend that the deed from Martha Hill to Ed. S. Warner, trustee, was obtained by fraud. This was denied, and the issue was presented to the court upon conflicting testimony, and the court found in favor of the validity of this deed, and his findings upon this issue will not be disturbed by this court. See J. B. Edgar Grain Co. v. Kolp et al., 48 Okla. 92, 149 Pac. 1096.

Plaintiffs contend that inasmuch as this deed was made to Ed. S. Warner, trustee, and shows on its face that it was a trust deed, defendant Rees could take no title from said trustee.

Inasmuch as the deed from Martha Hill to Ed. S. Warner, trustee, the nature of the trust or the beneficiaries not being disclosed, the presumption is that, when such trustee executes a conveyance to the trust property, he does so in furtherance of the trust. However, we are of the opinion that no one except the beneficiaries in the trust deed could raise this issue, and that the grantee of Ed. S. Warner, trutee, would take the title as against the world except the beneficiary of said trust, and no one except a beneficiary in the trust could challenge his title. Ed. S. Warner was a witness, and it appears that after making this deed certain parties who were presumably the beneficiaries in said trust deed conveyed to E. S. Warner, and E. S. Warner filed a disclaimer for himself personally and as trustee, apparently for the purpose of perfecting the title in the defendant Rees, and the court evidently found that this was intended to perfect the title of the said defendant Rees. It seems that this whole transaction was before the court, and the relationship between E. S. Warner and his beneficiaries in said trust deed were fully

disclosed, and that it was intended that said deed from E. S. Warner as trustee to defendant Rees should convey the full title originally conveyed, from Martha Hill, allottee, to E. S. Warner, trustee.

Inasmuch as the original deed from Martha Hill, the allottee to the vendor of defendant Rees, was prior and the court found paramount to the title asserted by plaintiffs in error, and found the title to the surplus allotment was in Ed. L. Rees, and quieted the title in him, we find no error in the action of the trial court in his finding that the title to the surplus allotment was in the defendant Ed. L. Rees.

As to the homestead allotment, plaintiff claims title under and by virtue of a deed from Martha Hill, allottee, dated October 12, 1908. Defendant claims title to this by virtue of a deed dated July 8, 1908, from Martha Hill to Thomas F. Crosby and from Thomas F. Crosby to Ed Rees by deed dated January 6, 1910. Martha Hill, the allottee, filed answer in which she alleged that the deed executed by her to Thomas F. Crosby conveying the homestead allotment was made by her at a time when she was a minor, and that therefore the deed was void. During the progress of the litigation she obtained permission to withdraw this answer, and upon a trial of the case, as a witness for plaintiff testified that the deed was a forgery. The Crosby deed was regular upon its face, purported to be a valid conveyance for a sufficient consideration, was duly acknowledged and recorded, and by virtue of the statute was admissible without further proof of execution, and the court found that said deed was made in due course for a valid consideration and conveyed the interest of the allottee to Crosby. The trial court heard the evidence, weighed the same, and found the issues generally in favor of the defendant. There was evidence reasonably tending to support the finding of the court, and we do not feel like disturbing the findings upon the record presented.

Finding no error, cause is affirmed

By the Court: It is so ordered.