## DAY et al. v. KEECHI OIL & GAS CO. et al.

No. 9554—Opinion Filed March 18, 1919.

Rehearing Denied April 29, 1919.

(180 Pac. 366.)

(Syllabus.)

1. **Appeal and Error—Review of Evidence —Equity Proceeding.**

In an equity proceeding, the Supreme Court will weigh the evidence, but the judgment of the trial court will not be set aside, where it is not clearly against the weight of the evidence.

2. **Sufficiency of Evidence.**

Record examined, and held, judgment of the trial court is sufficiently supported by the evidence.

Error from District Court, Caddo County; Will Linn, Judge.

Action by Mary Ellen Day and another against the Keechi Oil & Gas Company and others. Judgment for defendants, motion for new trial denied, and plaintiffs bring error. Affirmed.

Riddle & Hammerly, for plaintiffs in error.

Bond, Melton & Melton, for defendants in error.

PITCHFORD, J. On the 16th day of December, 1916, plaintiffs in error, or plaintiffs below, commenced this action in the district court of Caddo county against defendants in error, defendants below, seeking the cancellation of a certain oil and gas lease. The parties will be designated as they appeared below. On the 29th day of December, 1915, plaintiffs jointly executed the lease in question to one I. M. Duncan, who thereafter transferred the same to the defendant Keechi Oil & Gas Company. It is

alleged that, after the execution and delivery of the lease, certain material alterations were made therein by attempting to strike out, and erase therefrom the provision that the lessee upon the payment of $1 had the privilege of surrendering and canceling the lease and all agreements and covenants therein contained; that the attempted alteration was made without the consent or knowledge of the plaintiffs; and, further, that one of the express conditions of the lease was that the lessee should begin actual drilling of a well within 90 days within the vicinity of Cement, Okla., and continue to a depth of 3,000 feet and to drill with due diligence until such well should be completed, unless oil or gas was found in paying quantities at a less depth. Plaintiffs contend that the contract was breached in that the defendents failed to drill a well to a depth of 3,000 feet, and failed to find oil and gas in paying quantities at a less depth. Defendants deny the allegations of the petition, and aver complete performance of all the terms of the lease.

The case was tried before the court upon the pleadings and the evidence introduced by the plaintiffs and the defendants. After the trial, plaintiffs filed a written request for separate findings of fact and declarations of law. Thereupon the trial court made and entered the following findings:

"First, The court finds that the plaintiffs, Mary Ellen Day and W. S. Day, are the owners of the legal and equitable title to the southeast quarter and the southwest quarter of the northeast quarter, and the south half of the northwest quarter, and the northwest quarter of the northwest quarter of section thirty-two (32), township six (6) north, range nine (9) west, in Caddo county, Okla., being 320 acres of land, and were the owners of such land on the 29th day of December, 1915, and at which time they acknowledged, executed, and delivered to I. M. Duncan an oil and gas lease on said lands, which said oil and gas lease was duly recorded in the office of the county clerk of Caddo county, Okla., on the 23d day of February, 1916, and recorded in Book 9, page 317, of the Miscellaneous Records of said county; that subsequent to the execution, acknowledgement, and delivery of such oil and gas lease by the plaintiffs the lessee therein, I. M. Duncan, assigned the same and all rights thereunder to one O. W. Goolsbee, and that subsequent thereto the said O. W. Goolsbee assigned all his right, title, and interest in and to said oil and gas lease to the defendants the Keechi Oil & Gas Company and the Oklahoma Star Oil Company, and that such corporations are now the owners and

holders of such oil and gas lease by reason of such assignments.

"Second. The court finds that prior to the execution, acknowledgment, and delivery of such oil and gas lease to the lessee therein, I. M. Duncan, a portion of such oil and gas lease, being a printed provision therein authorizing a surrender of such lease under certain conditions, was stricken out of such printed lease by erasure lines placed through such provisions with ink.

"Third. The court finds that such provision of said lease was stricken from the printed form thereof with the knowledge and consent of the plaintiffs.

"Fourth. As to whether or not the evidence shows any acts of the plaintiffs constituting an estoppel, or whether or not there was any motive on the part of the plaintiffs to eliminate the portion of the lease stricken out, is immaterial, because of the foregoing findings of the court.

"Fifth. The court finds that the erasure of such provision from the printed form of such lease, being made before the execution and delivery of such lease, was for the advantage of both the lessors and the lessee in such lease.

"Sixth. The court finds that the defendants the Keechi Oil & Gas Company and the Oklahoma Star Oil Company are the assignees of I. M. Duncan, the original lessee in such lease of the plaintiffs, and that the said assignees have complied with all the terms and conditions of such lease by paying the renewal money provided for therein, and by complying with all of the terms and conditions thereof.

"The court therefore concludes, as a matter of law, that the plaintiffs are not entitled to recover in this action, and that the defendants the Keechi Oil & Gas Company and the Oklahoma Star Oil Company are the owners of such oil and gas lease, and that such defendants, as the assignees of the original lessee I. M. Duncan, are entitled to all the rights thereunder, and that the defendants A. D. Lloyd, the Didac Oil & Gas Company, and the B. & R. Oil & Gas Company have no right, title, or interest in and to the said oil and gas upon the said lands hereinabove described."

Thereafter and in time provided by law, plaintiffs filed motion for new trial, which was overruled, and plaintiffs appeal. Plaintiffs present and discuss numerous assignments of error under three general propositions, to wit:

"(1) The oil and gas lease on its face showing that it had been changed and altered, the court erred in concluding as a matter of

law that the burden of proof was on the plaintiffs to show by clear and convincing evidence that the same had been changed and altered.

"(a) That when plaintiffs showed at the time of the execution and delivery of the oil and gas lease the provision known as the 'surrender clause' was intact, they had then made a prima facie case, and were entitled to a judgment, unless the defendants showed by clear and convincing evidence, that such erasure or marking out was done after the execution and delivery of the lease.

"(b) The plaintiffs and the defendant Duncan's testimony to the effect that the provision commonly called the 'surrender clause' was intact when the oil and gas lease was executed being uncontradicted, they were entitled to a judgment.

"(2) It is clearly shown by the weight of the testimony that the defendants failed to drill said well with due diligence until oil or gas was found in paying quantities, and the finding of the court upon this proposition is not sustained by the testimony.

"(a) The defendants, having failed to drill said well with due diligence, as provided for by the contdact, forefited their rights within and to said oil and gas lease.

"(b) Said defendants having breached said agreement in the manner above set out, judgment should have gone for them on this ground.

"(3) Prejudicial error of the court in failing to make separate findings of law of fact, as requested."

The contention of plaintiffs that the trial court committed error in concluding as a matter of law that the burden of proof was on the plaintiffs to show by clear and convincing evidence that the lease had been changed and altered is not tenable.

We have carefully examined the finding made by the court, and fail to see wherein the trial court placed that burden upon the plaintiffs. We are further unable to appreciate this contention for the reason that the action was in the nature of an equitable proceeding, triable to the court without the intervention of a jury. The judge had all the evidence before him, and the presumption is that he had sufficiently instructed himself to enable him to weigh, discriminate, and declare what to his mind had been established by the evidence.

We have examined the record and hold that the evidence fully sustained the findings of the trial court In Limerick v. Jefferson Life Insurance Co., 67 Okla. 178, 169 Pac. 1080, the court said:

"Where fraud is relied upon as a basis for equitable relief, and the trial court, after hearing the evidence, finds that fraud has not been established." the Supreme Court "will not disturb such finding, unless it is clearly against the weight of the evidence."

To the same effect was Crump v. Lanham, 67 Okla. 33, 168 Pac. 43, and Brockman v. Rees, 70 Okla. 155, 173 Pac. 525.

The judgment of the trial court is affirmed.

All the Justices concur.