### GENTRY v. GENTRY et al.

No. 12678—Opinion Filed Jan. 6, 1925.

**1. Trial—Equity Case—Advisory Verdict.**

In a case of purely equitable cognizance, the trial court may submit interrogatories to the jury for the purpose of advising the court on questions of fact. Since it is the duty of the court in such case finally to determine all questions of fact as well as of law, the court may adopt or reject the answers to such interrogatories so submitted to the jury.

**2. Appeal and Error—Review of Evidence —Equity Proceeding.**

In such case the Supreme Court will weigh the evidence, but will not set aside the judgment of the trial court where the same is not clearly against the weight thereof.

**3. Disposition of Cause.**

Under said rules, the judgment herein is not clearly against the weight of the evidence.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by Myrtle Gentry against M. V. Gentry et al. to quiet title and recover real estate. Judgment for defendants. Plaintiff appeals. Affirmed.

A. L. Burton, for plaintiff in error.

Green & Pruet, for defendants in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Plaintiff and defendant, W. V. Gentry, before their divorcement, executed a warranty deed to defendant Benton to certain real estate in Ryan, Okla., title thereto being in W. V. Gentry. Thereafter Benton conveyed same to his codefendant Henderson. Plaintiff alleged that on the date of the first deed she was the equitable owner of the real estate, having purchased same with her separate funds, only the legal title being in her said former husband. The purpose of the action was to cancel said two deeds, adjudge defendant Gentry to have held title in trust, quiet title, and recover possession, on the grounds of fraud. Plaintiff alleged that at all times defendants Benton and Henderson knew that plaintiff was such equitable owner and conspired with defendant Gentry to perpetrate the fraud, and that plaintiff received none of the consideration. The court submitted the cause to the jury on special interrogatories. The particular fraud alleged was that the description of the property was blank in said first deed at the time plaintiff signed same, and that defendants Benton and Gentry procured her signature thereto and acknowledgment thereof by falsely representing that such deed was to convey other property, thereafter interpolating description of the property involved herein. The jury answered the interrogatories involving this question in favor of plaintiff. The jury also, in answer to other interrogatories, found that defendants Benton and Henderson each had knowledge of such fraud and misrepresentation so practiced upon the plaintiff. Thereupon, defendants filed their motion for judgment non obstante veredicto, and requested the court to make special findings of fact and conclusions of law. The trial court sustained both motions, making findings of fact contrary to the action of the jury, and rendered judgment in favor of defendants, from which, having duly excepted, plaintiff appealed.

1. The cause was purely of equitable cognizance and presented questions for the determination of the chancellor. Walden et al. v. Potts et al., 97 Okla. 24, 222 Pac. 549. In such case, the trial court may call a jury, or consent to one for the purpose of advising him on questions of fact, and he may adopt or reject their conclusions as he

sees fit. It is not only the right, but the duty, of the court in such case finally to determine all questions of fact as well as of law. Limerick v. Jefferson Life Ins. Co., 67 Okla. 178, 169 Pac. 1080, and cases therein cited.

2. In such equity case, this court will weigh the evidence, but will not set aside the judgment of the trial court where same is not clearly against the weight thereof. Day v. Keechi Oil & Gas Co. et al., 72 Okla. 267, 180 Pac. 366. Plaintiff was unsupported and uncorroborated in her testimony that the description was blank in said first deed at the time she signed same, and that defendants Benton and Gentry procured her signature thereto by representing that such deed was to convey other property. The countervailing testimony of the notary, who took the acknowledgment of plaintiff, was that the description in said deed was typewritten at the time plaintiff signed and acknowledged same, and that no representation was made to plaintiff that said deed was to convey other property. Defendant Benton testified that prior to the execution of the deed, he and defendant Gentry went to the home of the latter and advised plaintiff that he, Benton, had come to look at the place to buy it, advising her the price. This tended to corroborate the notary. There were, perhaps, other circumstances in favor of defendants, not to mention the verity that might be given the deed. We cannot say that the judgment of the trial court is against the weight of the evidence.

It is unnecessary to consider whether defendant Henderson was a bona fide purchaser from Benton. Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 21 C. J. pp. 586, 594, 596; (2) 4 C. J. pp. 898, 900; (3) 4 C. J. p. 900.