DEISTER et ux. v. HIGDON et al.

No. 30183. Nov. 12, 1941.

*119 P. 2d 54.*

John T. Levergood, of Shawnee, for plaintiffs in error.

Hendon & Hendon, of Shawnee, for defendants in error.

WELCH, J. The land involved was a part of the estate of J. T. Deister. His widow and several children survived him. The children conveyed this 40 acres by general warranty deed to their mother, Synthia Deister. Several years thereafter Synthia Deister conveyed the same to her daughter, Anna Lehman, who in turn sold the same to Beulah Higdon.

The Lehmans and Beulah Higdon brought this suit to recover possession of the land from Phillip and Myrtle Deister, and to cancel a deed from Phillip to Myrtle.

Phillip and his mother, Synthia Deister, made their home on this 40 acres for several years after the father's death. After two or three years Phillip

married, and shortly thereafter the mother went to the home of the plaintiff Anna Lehman to live, while Phillip and his wife continued to live on this land.

The defense interposed by the Deisters is that the warranty deed to Synthia was intended only to grant a life estate; that Synthia was incompetent and did not understand the nature and consequences of her act at the time she executed the deed to Anna, and that Beulah Higdon had actual and constructive knowledge of the fact and the defendants' claims, and was therefore not an innocent purchaser.

The cause was tried to the court, resulting in a general finding in favor of plaintiffs, and judgment was rendered accordingly.

Upon this appeal defendants urge that the findings and judgment are against the clear weight of the evidence. In this character of case we will examine the entire record, but will not reverse unless the judgment is against the clear weight of the evidence. Hines v. McCall, 132 Okla. 5, 269 P. 269.

We have so examined this record, and do not find the judgment of the trial court against the weight of the evidence.

Some of the witnesses testified that the deed given by the children to their mother, Synthia, was given with the understanding that the land was granted to her only as a home during her lifetime and that upon her death it would be divided among the children. Other witnesses testified definitely that there was no such intention or understanding, but that such deed was given for the purposes shown by the instrument itself, and upon the same basis as other deeds exchanged among the several heirs at the time in pursuance of the plan of dividing the estate.

The witnesses are agreed that Synthia was more than 80 years of age at the time she executed the deed to Anna. They disagreed, however, as to her mental condition at or about the time the deed was executed.

Plaintiffs' evidence is not unreasonable nor inherently improbable, and we find nothing to lead us to the belief that the trial court's conclusion of facts is incorrect.

In view of the above, the question of innocent purchaser is eliminated and it is unnecessary for us to discuss the alleged errors in the matter of reception or rejection of certain evidence on that issue.

Judgment is affirmed.

CORN, V. C. J., and RILEY, OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.