BRADLEY et ux. v. LITTLE.

No. 30508. Jan. 5, 1943.

Rehearing Denied Feb. 23, 1943.

*134 P. 2d 126.*

J. W. Hassell, of Dallas, Tex., and V. E. McInnis and Roy L. Sullivan, both of Oklahoma City, for plaintiffs in error.

Jack H. Smith and Reuel W. Little, both of Madill, for defendant in error.

PER CURIAM. This action was instituted by the plaintiffs in error, hereinafter referred to as plaintiffs, against the defendant in error, hereinafter referred to as defendant, to rescind contract of sale and to cancel warranty deed which had been executed by the plaintiffs.

The plaintiffs in their petition alleged, in substance, that they were the owners of 120 acres of land in Marshall county and that defendant called to see them and offered to purchase said land on May 26, 1938; that defendant informed plaintiffs that he was acting for one R. W. Thompson who desired to purchase the land involved for the purpose of resale to the United States Government;

that plaintiffs inquired of the defendant, and were informed by him that the property had no special value for oil purposes, and that relying upon such statements, they sold the land and accepted defendant's check therefor and executed a deed. They subsequently learned in March, 1940, that an oil well had been drilled on a farm which adjoined the lands of the plaintiffs, and that the statements of defendant relative to the purchaser for the purposes for which it was being purchased were false. Plaintiffs prayed that the sale be rescinded and the deed be canceled. The defendant answered with a general denial and a plea of the statute of limitations in bar. The action being one of purely equitable cognizance, the parties so stipulated and tried the cause to the court. The evidence adduced at the trial was in conflict upon the material matters involved. The trial court found there had been no fraud perpetrated in the transaction; that the plaintiffs had received the fair and reasonable value of the land and had not instituted the action for the reasons assigned but rather due to a dissatisfaction with the price which they had obtained in view of subsequent oil development in the vicinity of the land involved, and rendered judgment in favor of the defendant. Motion for new trial was overruled, and plaintiffs have perfected this appeal.

As grounds for the reversal of said judgment the plaintiffs assign eight specifications of error, which they present under five general propositions which may be summarized as follows: false statements regarding the purpose for which the lands are being purchased are grounds for rescission; and failure of purchaser to answer truthfully when questioned is likewise ground for rescission. False statements with reference to the identity of purchaser is ground for rescission and that evidence as to the fair value should not be taken into consideration and this court should substitute its judgment for that of the trial court. The contentions so made resolve themselves into the proposition that the judgment of the trial court is contrary to the clear weight of the evidence.

The action being one of purely equitable cognizance, in reviewing the judgment we start with the premise that the findings of the trial court are entitled to great weight (Moorman v. Pettit, 119 Okla. 22, 248 P. 838); and that the judgment of the trial court is not to be reversed unless it is against the clear weight of the evidence. Deister v. Higdon, 189 Okla. 605, 119 P. 2d 54; Cordilla v. Taylor, 181 Okla. 20, 72 P. 2d 375. The plaintiffs based their right to recovery upon the alleged false statements made with reference to the identity of the purchaser and the purposes for which he was purchasing the property and statements relative to activity for oil mining purposes. While the evidence was in conflict upon all these material matters, the plaintiffs admitted that the statements relative to the identity of purchaser, as well as the purpose for which he was purchasing the property, were immaterial since they had no particular reason for declining to make the sale to the defendant and were not influenced in any manner by such statements. The testimony of the plaintiffs with reference to the misstatement relative to the oil development in the territory surrounding the lands involved appears to have been predicated chiefly upon the fact that the defendant was at the time engaged in acquiring lands and leases for the purpose of blocking the same up and obtaining oil development and succeeded in doing so, and thereafter was successful in creating a market for leases and royalties which did not previously exist. That this reason was an afterthought appears from the testimony of one of the plaintiffs to the effect that he was unwilling to say whether he would have instituted the present action had the oil development not been subsequently successful. Plaintiffs admitted that they had received fair and reasonable value of the premises at the time the transaction occurred had there been no oil value involved. Under these circumstances we are of the opinion that the

trial court correctly concluded that plaintiffs were dissatisfied with the price which they had obtained and that their sole complaint was with reference to the statement of value which had been made to them by the defendant. As said in Limerick v. Jefferson Life Ins. Co., 67 Okla. 178, 169 P. 1080:

"Whenever property of any kind depends for its value upon a contingency which may never occur, or developments which may never be made, opinion as to its value must necessarily be more or less of a speculative character; and no action will lie for its expression, however fallacious it may prove, or whatever the injury a reliance upon it may produce."

Under the record here presented, the propositions advanced by the plaintiffs and the authorities cited in support thereof have no application, since it appears that the sole injury which plaintiffs urged consisted of the sale by them of their land for a price less than that which they may have possibly secured some years later. In other words, they were misled as to the probable future value of their lands. This was not, in our opinion, sufficient to show fraud such as would justify rescission or cancellation. See Stafford v. McDougal, 171 Okla. 106, 42 P. 2d 520; Holmes v. Cummings, 71 F. 2d 364.

It is not essential to the validity of a judgment in equity that it rest entirely upon uncontradicted evidence, nor is it fatal to such a judgment that a different conclusion might have been reached upon all the evidence involved. Johnson v. Rowe, 185 Okla. 60, 89 P. 2d 955. We have examined the entire record and weighed the evidence and are unable to say that the judgment of the trial court is clearly against the weight thereof. Such being the case, the judgment will not be disturbed.

Judgment affirmed.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. CORN, V. C. J., and RILEY and ARNOLD, JJ., absent.