## CAMPBELL et al. v. DASCOMB-DANIEL LBR. CO.

No. 31018. Sept. 28, 1943.

Rehearing Denied Nov. 2, 1943.

Application for Leave to File Second Petition for Rehearing Denied Nov. 30, 1943.

*142 P. 2d 971.*

Smith & Lamerton, of Enid, and Tom E. Willis, of Fairview, for plaintiffs in error.

Robinson & Oden, of Altus, and John Butler, of Fairview, for defendant in error.

PER CURIAM. Dascomb-Daniel Lumber Company, hereinafter referred to as plaintiff, sued to recover on a promissory note executed by Charles R. Campbell and Mary E. Campbell, husband and wife, hereinafter referred to as defendants, and to foreclose a real estate mortgage which said defendants had executed to secure said note.

Plaintiff in its petition alleged, in substance, that the note and mortgage had been executed by the defendants on December 20, 1920, and by mesne assignment had been conveyed to the plaintiff. Plaintiff further alleged that the maturity date of the note and mort-

gage had been extended by contract to January 1, 1935, and that this had been done by instruments and notes executed by the defendants on December 27, 1927. The aforesaid instruments were attached to the petition as exhibits. The answer of defendants consisted of a general denial and a plea of the bar of the statute of limitations (12 O. S. 1941 § 95, subd. 1). Plaintiff waived any personal judgment against the defendants and trial was thereupon had to the court. The evidence adduced at the trial consisted of that introduced by the plaintiff and included the note and mortgage, the alleged extension agreement, and the notes executed pursuant thereto and certain depositions. The trial court found on the evidence so adduced that the extension agreement was a valid one, and that the action had been brought in time and rendered judgment of foreclosure in favor of plaintiff.

The defendants Charles R. Campbell and Mary E. Campbell appeal, and as grounds for reversal assign nine specifications of error which they present under two general propositions.

The primary contention of defendants is that the exhibit attached to the petition discloses that it was a unilateral contract on their part and thus negatived the allegation in the petition that the time of payment of the note and mortgage had been extended by agreement, and from said situation deduce the proposition that the petition thereupon was rendered demurrable upon its face, and that the demurrer of the defendants and their objection to the introduction of evidence should have been sustained. In support of the contention so made defendants cite numerous texts and decisions from this and other jurisdictions which are authority for the rule that where there is a fatal variance between an exhibit and allegations in a petition, the exhibit, if it is the foundation of the cause of action, is to control, and that where a petition on its face shows that the action has been barred by the statute of limitations it is error to overrule a demurrer thereto. We are in agreement with the principle of law enunciated in the cited cases, but we are of the opinion that they are inapplicable to the record presented in the case at bar. The facts as disclosed by the record before us are not in dispute. It appears therefrom that on December 20, 1920, the defendants executed and delivered the note and mortgage involved to Pittsburg Mortgage Investment Company, and that this company in turn, on January 12, 1921, sold and assigned said note and mortgage to H. C. Auld. It further appears from the record that on December 27, 1927, the defendants executed and acknowledged an application for an extension of the maturity of the note and mortgage to January 1, 1935, and at the same time executed a series of coupons to represent interest which would be payable during the period of such extension. The record further shows that defendants thereafter paid the interest called for by said coupons for the succeeding years, including the coupon which became due January 1, 1932, and which payment was made on February 22, 1932, and that defendants had on several occasions called attention to the fact that the maturity of the indebtedness had been extended and the interest rate reduced. The record further shows that the note and mortgage were assigned by H. C. Auld to M. H. Carrell, who assigned the same to the plaintiff, and that plaintiff was the owner and holder of said note and mortgage and the interest coupons executed pursuant to the extension contract when this action was instituted August 24, 1939, and when the cause was tried. The defendants urge that, since the extension agreement had been executed by them and had not been signed by H. C. Auld, the then owner of the note and mortgage, this was insufficient to constitute the extension of the contract a valid one under the provisions of the statute of frauds, and further that since the contract executed by the defendants contained a provision to the effect that the extension granted should continue so long as defendants paid the interest which they agreed to pay as evidenced by the coupon notes executed by them, this rendered the

contract a conditional one and matured the debt when defendants made default in payment of any interest coupon, and that since defendants had defaulted more than five years prior to the institution of this action by plaintiff, this rendered the action barred by the statute of limitations cited, supra. The fallacy of this argument rests in the major premise that the default in payment of the interest coupon which fell due on January 1, 1933, matured the debt and started the statute of limitations running thereon. The contract for extension and the interest coupons executed by defendants on December 27, 1927, constituted a unilateral contract for a renewal of the note and mortgage and an extension of the maturity date thereof to January 1, 1935. 37 C. J. p. 1114; Curtis v. Holee, 184 Cal. 726, 195 P. 395, 18 A. L. R. 1024. That it was not necessary for the holder of the note and mortgage to execute the extension agreement which had been executed by the defendants is well settled. See Roe v. Fleming, 32 Okla. 259, 122 P. 496; Webb v. Wood, 176 Okla. 306, 55 P. 2d 959. The plaintiff alleged that the contract for extension of time of payment had been accepted, and that defendants had made certain payments thereunder. Such allegation in the petition was sufficient to withstand demurrer. The exhibit attached to the petition was not in fatal variance with such allegation and the trial court properly so held.

The defendants next contend that the judgment is contrary to the evidence. The action being one to foreclose a real estate mortgage where no personal judgment was sought against the makers was one of equitable cognizance. Philbrick v. Puritan Corporation, 178 Okla. 489, 63 P. 2d 38. In review of a judgment of this nature we start with the premise that the findings of the trial court are entitled to great weight (Moorman v. Pettit, 119 Okla. 22, 248 P. 838) and proceed on the theory that the judgment is not to be reversed unless it is against the clear weight of the evidence. Deister v. Higdon, 189 Okla. 605, 119 P. 2d 54; Cordilla v. Taylor, 181 Okla. 20, 72 P. 2d 375. The evidence

in the case at bar and which was uncontroverted discloses that defendants executed the agreement for the extension of the mortgage to January 1, 1935, and proceeded thereafter on the basis of an executed contract and that payments were made and received of the interest provided under such agreement. Under these circumstances we are of the opinion that the evidence amply supports the finding of the trial court that the action was properly instituted within the time limited after the maturity date of the contract as extended, and therefore the judgment is not clearly against the weight of the evidence, and under the rule announced in the above cited cases should not be disturbed.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.