## TIPTON v. GUY.

No. 32167. March 4, 1947.

*177 P. 2d 1016.*

Robt. W. Hoyland, of Guthrie, for plaintiff in error.

Bruce & Rowan, of Oklahoma City, for defendant in error.

GIBSON, J. This action was commenced in the district court by defendant in error, as plaintiff, against plaintiff in error, as defendant, to quiet title to lots 32 and 33 in block 24, Oak Park addition to Oklahoma City. Defendant filed answer and cross-petition wherein plaintiff's title is denied, claim of title in defendant to the lands is asserted and cross-relief in ejectment and quieting title is sought.

The lands involved were previously owned by one Alfred Smith, who died January 1, 1944, and from him both plaintiff and defendant deraign title. Plaintiff deraigns title as grantee under deed executed by said Smith a few days prior to his death. The defendant claimed title as grantee under deed purporting to have been executed by Smith on April 11, 1940. Plaintiff avers the latter deed to be a forgery. Upon the trial the court, in finding for plaintiff on the issues, found specially that the purported deed of April 11, 1940, was a false and fraudulent instrument and delivered by Smith, and awarded plaintiff judgment.

The sole question presented on this appeal is whether the judgment is supported by the evidence.

The evidence is voluminous and there is much conflict therein and on strength of such conflict it is urged that this court for the purpose of review should be governed by the rule that obtains in cases where it is sought to set aside for fraud a deed valid on its face. And in support thereof there is cited and quoted Critchlow v. Bacon, 142 Okla. 168, 285 P. 968, and other cases to the following effect:

" '. . . The proof must sustain the allegations by a perponderance of the evidence so great as to overcome all opposing evidence and repel all opposing presumptions of good faith.' "

On behalf of defendant in error it is contended under the rule of Bradley et ux. v. Little, 192 Okla. 121, 134 P. 2d 126, and other cases, that:

"On appeal this court will weigh the evidence in a case of purely equitable cognizance, but will not reverse the judgment of the trial court unless it is clearly against the weight of the evidence. Deister et al. v. Higdon, 189 Okla. 605, 119 P. 2d 54."

Whether the instant case falls within the one or the other of such rules is immaterial to our decision because, upon a review of the evidence as a whole, we find that the same is cogent and convincing in overcoming opposing presumptions and in sustaining the finding of the court that the deed relied upon by the defendant was not the act and deed of Alfred Smith.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.